UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY T. TATUM,         )
                          )
    Plaintiff,            )
                          )
    v.                    )    No. 4:12CV00810 ERW
                          )
EASTERN RECEPTION         )
DIAGNOSTIC AND            )
CORRECTIONAL CENTER, et al., )
                          )
    Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timothy Tatum (registration no. 226629), an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $44.42. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $222.12, and an average monthly balance of $60.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $44.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are the Eastern Reception Diagnostic and Correctional Center ("ERDCC"); Brian Murphy, a Caseworker at ERDCC, and Unknown Shumway, a Correctional Officer.

Plaintiff alleges that on in June2010 he received a conduct violation for failing to use the top bunk, even though he could not get into the top bunk because his hands were swollen.  Plaintiff says he was then placed in a cell that was infested with ants.  Plaintiff further asserts that in June 2010 he sustained a head injury but that he was not taken to the hospital for a week.

Plaintiff says that on December 27, 2010, defendant Murphy ripped up his legal mail and then proceeded to shake his wheelchair.  (The Court includes the allegations

made in plaintiff's grievances, which are attached to the complaint.)  Plaintiff claims that he was psychologically damaged as a result.

Plaintiff alleges that defendant Shumway made false allegations that plaintiff failed to stand for count.  Plaintiff asserts that he sustained emotional damage as a result.

## Discussion

A suit against ERDCC is, in effect, a suit against the State of Missouri.  The State of Missouri, however, is absolutely immune from liability under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).  As a result, plaintiff's claim against ERDCC is legally frivolous.

The complaint is silent as to whether defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.  As a result,

the complaint fails to state a claim upon which relief can be granted as to Murphy and Shumway.

Title 42 U.S.C. § 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this suit for money damages, plaintiff does not allege that he suffered a physical injury as a result of defendants' actions. Plaintiff's only claims of injury are emotional or psychological. As a result, plaintiff is not entitled to the relief he seeks.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged incidents occurring in June 2010. As a result, these claims fail as a matter of law.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."

Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996).  Plaintiff has to alleged an actual injury to a legal claim.  As a result, plaintiff's allegation that Murphy tore up his legal mail is not actionable.

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective.  The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." Id.  In this instance, the Court believes that plaintiff's allegations that Murphy shook his wheelchair are not so objectively serious as to constitute a deprivation of his rights.  As a result, plaintiff's Eighth Amendment claim fails.

Plaintiff's claim against Shumway for allegedly making false accusations leading to a conduct violation is not actionable under § 1983.  See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam).

For all of these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $44.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

So Ordered this 8th Day of May, 2012.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE